IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

JOHN ANNONI,
         Plaintiff          :
                                  :
         v.                       :     Civil No.: 5:24-cv-00950-JMG
                                  :
ALLENTOWN SCHOOL DISTRICT    :
                                  :
         Defendant     :
_____

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                       July 9, 2024

**I.   OVERVIEW**

    The purpose of Title VII and the Pennsylvania Human Relations Act (PHRA) is to prevent discrimination against any individual with respect to hiring, discharge, compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1); 43 P.S. § 951. As presented in the Amended Complaint (ECF No. 7), Plaintiff alleges Defendant discriminated against him because he is male, during investigations on claims of inappropriate text messages sent to female colleagues. Defendant moved to dismiss (ECF No. 9), contending (1) Plaintiff's claims are time barred, (2) Plaintiff failed to exhaust administrative remedies, and (3) Plaintiff fails to provide sufficient facts to support a claim. For the reasons that follow, the Court is persuaded by Defendant's arguments and grants the Motion to Dismiss.

**II.   BACKGROUND**

    Plaintiff, John Annoni, a teacher at Trexler Middle School, initiated the instant action by filing the Amended Complaint on March 22, 2024, bringing one claim pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, as amended by the Civil Rights Act of 1991, 42 U.S.C. §

1

1981 and one claim pursuant to the PHRA, 43 P.S. § 951 against Defendant, Allentown School District. Plaintiff's claims relate to two distinct incidents of alleged discrimination involving two separate investigations by his employer. *See generally* Am. Compl., ECF No. 7. The first incident involves the investigation of two concurrent accusations made against Plaintiff in 2021. *See id.* at ¶ 6. The second incident involves the investigation of one accusation made against Plaintiff in 2022. *See id.* at ¶ 15. While these claims encompass two distinct incidents of alleged discrimination, Plaintiff contends these claims constitute a single, continuing violation. *See generally* Pl.'s Resp. in Opp. 4, ECF No. 10.

For the first incident of alleged discrimination, Plaintiff claims Defendant treated him differently because of his gender during an investigation into allegations of inappropriate text messages sent by the Plaintiff to female colleagues. *See* Am. Compl. ¶ 20. In their motion to dismiss, Defendant contends Plaintiff's claims are time barred, Plaintiff failed to exhaust administrative remedies, and Plaintiff fails to allege facts sufficient for an inference of discrimination.

Plaintiff alleges that, on or about August 31, 2021, Defendant informed him of allegations made against him by two female employees concerning inappropriate texts they received from Plaintiff in March 2020. *Id.* at ¶ 6. Plaintiff denied the allegations, stating he never sent any inappropriate text messages to any female employees. *Id.* at ¶ 7.

Plaintiff denies Defendant's contention that he was sent a letter on December 31, 2021, informing him that an investigation supported the initial allegations. *Id.* at ¶¶ 11, 12. Plaintiff did not receive any discipline at this time. *Id.* at ¶ 13. Plaintiff further alleges that he never received anything in writing from the school regarding the final disposition of the first incident. *Id.* at ¶ 18.

For the second incident of alleged discrimination, on April 21, 2022, Plaintiff claims he was placed on administrative leave because of a another, separate complaint made against him involving inappropriate text messages. *Id.* at ¶ 15. After the investigation of this second complaint, Plaintiff returned to teaching in a substitute role at an elementary school before assuming other roles during the summer, ultimately returning to his original position in July 2022 after Defendant determined the allegations were unfounded. *Id.* at ¶¶ 17, 18, 19. Plaintiff alleges that he was excluded from extra-curricular activities during the span of both incidents across 2021 and 2022, and he was initially denied the opportunity to teach summer school during the summer of 2022. *Id.* at ¶ 25.

Plaintiff dual filed complaints with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission on November 12, 2022. *See* Young Decl., Ex. A to Def.'s Mot., ECF No. 9-1.

Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint on April 5, 2024 (ECF No. 9). Plaintiff filed a Response in Opposition on April 19, 2024 (ECF No. 10). On April 26, 2024, Defendant filed a reply brief with the permission of the Court (ECF No. 14).

### III.     LEGAL STANDARD

Defendant moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing, *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice." *Id.* (citing, *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 Fed. Appx. 147, 149 (3d. Cir. 2016) (quoting, *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

IV. **ANALYSIS**

   A. **Timeliness of Plaintiff's Allegations**

Plaintiff claims his employer discriminated against him in its investigation of complaints of inappropriate behavior brought against him by several coworkers. There were two separate investigations. Plaintiff claims each investigation discriminated against him based on his gender. He further contends the investigations, collectively, constitute ongoing discrimination such that each investigation falls within the timeframe required for bringing this case.

Title VII claims must be filed within 300 days of the alleged act of discrimination. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). A PHRA complaint must be filed "within one hundred eighty days after the alleged act of discrimination." 43 Pa. Stat. Ann. § 959(h). Here, Plaintiff dual filed a complaint on November 12, 2022. He alleges that his claims are timely.

If there were no exceptions, under Title VII, any alleged act of discrimination against Plaintiff that occurred prior to January 19, 2022, is time barred because it is more than 300 days prior to filing on November 12, 2022. Additionally, under the PHRA, any alleged act of discrimination against Plaintiff that occurred before May 16, 2022, is time barred because it is more than 180 days prior to filing on November 12, 2022.

In this case, the allegations concerning the second incident, which occurred in April 2022, are not time barred under Title VII because they occurred after January 19, 2022. However, Plaintiff alleges the first incident of gender discrimination began on August 31, 2021 when he

4

claims he was informed of the accusations against him and informed that Defendant was launching an investigation. This time period includes allegations about Defendant's failure to follow its policy during its investigation, and Defendant's purported letter of December 31, 2021 stating the results of its investigation for the first two accusations. Defendant argues, because these events occurred prior to January 19, 2022, and prior to May 16, 2022, this claim is time barred.

Plaintiff contends these allegations underlying the first discrimination incident are timely by invoking the continuing violation doctrine and equitable tolling. A continuing violation occurs "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." *Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am.*, 927 F.2d 1283, 1295 (3d Cir.1991) (citing *Keystone Ins. Co. v. Houghton*, 863 F.2d 1125, 1129 (3d Cir.1988). Said otherwise, Plaintiff argues that his employer's first investigation of the complaints made against him should be made timely by the later, second investigation of a different complaint made against him. However, the Supreme Court held that "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice'". *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Plaintiff offers no support for joining the distinct investigations here, each brought at a different time, as a result of distinct complaints raised against him. As such, each incident is actionable separately from the other, and the first investigation is time barred. *See Patterson v. AFSCME #£2456*, 320 F. App'x 143, 146 (3d Cir. 2009) (finding discrete-actionable instances of discrimination time-barred if filed outside the statute of limitations).

Plaintiff also argues that the time limitations for challenging the first investigation should be equitably tolled. The Third Circuit has identified three principal situations, though not exclusive, in which equitable tolling may be appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum. *School District of City of Allentown v. Marshall,* 657 F.2d 16, 19-20 (3d Cir. 1981) *(*quoting *Smith v. American President Line*s*, Ltd.,* 571 F.2d 102, 109 (2d Cir. 1978). Equitable tolling is to be used "sparingly." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113.

The Third Circuit further explains that the two requirements for equitable tolling regarding employment discrimination are: (1) the defendant actively misled the plaintiff about the reason for plaintiff's adverse employment action, and (2) this deception caused plaintiff to not to comply with the statute of limitations. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc).  Additionally, "equitable tolling requires the plaintiff to demonstrate that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." *Ruehl v. Viacom, Inc.*, 500 F.3d 375 (3d Cir. 2007) (citing *In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir.2004) (internal quotation marks omitted).

In this case, Plaintiff contends that he was misled by Defendant when it falsely claimed it provided him with a letter in December 2021 informing Plaintiff that the initial investigation had been concluded.  As a result, Plaintiff contends he was "actively misled" by Defendant such that the timeline for challenging the first investigation should be tolled. However, as alleged, this fails to amount to the misleading action required for equitable tolling because Defendant did not

6

actively mislead him as to the reasons for the investigations and its other actions. Instead, as presented in the Amended Complaint, Plaintiff understood from the outset on August 31, 2021, that Defendant was acting due to allegations that the Plaintiff sent inappropriate text messages to female employees, and Defendant never contended otherwise. *See* Am. Compl. ¶ 6. Defendant's alleged concealment of information regarding the first investigation is not enough to say Plaintiff was actively misled. *See Azadpour v. AMCS Grp. Inc.*, No. 22-2923, 2023 WL 4044607, at *2 (3d Cir. 2023) (finding Plaintiff was not entitled to equitable tolling because the withholding of information was not misleading). Plaintiff fails to establish how not receiving a letter from Defendant constitutes active misleading and how this deception caused his late filing. Even accepting the alleged facts as true, at most Defendant withheld information with no demonstrated impact on the timing of Plaintiff's filing, and accordingly, equitable tolling is not proper in this case.

**B.  Plaintiff failed to exhaust administrative remedies.**

Defendant also contends one of Plaintiff's specific claims of discrimination must be dismissed based on his failure to administratively challenge that claim. The Court again agrees.

The Third Circuit instructs that a Plaintiff must exhaust all administrative remedies before bringing a claim under both Title VII and the PHRA, and failure to do is grounds for dismissal on a motion to dismiss. *See Robinson v. Dalton,* 107 F.3d 1018, 1020, 22 (3d Cir. 1997). To make this determination, the Court considers "whether the acts alleged in the subsequent [discrimination] suit are fairly within the scope of the prior EEOC, or the investigation arising therefrom." *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984). Additionally, the Court may consult the record of the case as presented to the EEOC to help make this determination. *Tlush v. Mfrs. Res. Ctr.* 315 F. Supp. 650, 654 (E.D. Pa. 2002).

7

Plaintiff's allegation that the Defendant improperly excluded him from extra-curricular activities from 2021-2022, including initially denying him the opportunity to teach summer school during the summer of 2022, is not actionable because this complaint was not alleged in Plaintiff's EEOC filing. *See* Young Decl., Ex. A to Def.'s Mot., ECF No. 9-1. Instead, it was first presented in Plaintiff's amended complaint. Because these alleged acts were not within the record of the case before the EEOC, Plaintiff did not exhaust his administrative remedies for this claim.

As a result, the only allegation that is not time-barred, and which also satisfied the exhaustion requirement, is the Title VII claim for the second incident stemming from the accusation in April 2022. This set of events led to Plaintiff being placed on administrative leave into late May 2022, returning to an elementary school as a substitute teacher to close the last few days of the year, and finally returning to his original position in July 2022.

### C. Plaintiff fails to provide facts sufficient to support an inference of gender discrimination.

To now, we have considered challenges by Defendant that Plaintiff failed to bring his claims before this Court in a timely manner, and in compliance with administrative exhaustion requirements. Defendant also makes a more substantive challenge that Plaintiff has failed to allege sufficient facts to support his claims of discrimination. Again, the Court must agree.

To state a Title VII Discrimination claim, a plaintiff must plead they (1) are a member of a protected class; (2) were qualified for the position they held; (3) suffered an adverse employment action; and (4) "the adverse employment action occurred under circumstances that give rise to an inference of discrimination." *Darby v. Temple Univ.*, 216 F. Supp. 535, 541 (E.D. Pa. 2016). Plaintiff "need not convince the court of any of these elements at the motion to dismiss stage, but must submit more than 'the naked assertion that he was discharged because' of his membership in

8

a protected class." *Id.* (quoting *Santos v. Iron Mountain Film & Sound*, 593 F. App'x 117, 119 (3d Cir. 2014)).

Here, the first two elements are undisputedly established. However, Defendant challenges whether Plaintiff alleges an adverse employment action and whether an inference of discrimination was made.

 In regard to adverse employment action, Plaintiff's alleged adverse employment action occurred when he was placed on administrative leave from April 2022 until May 2022. However, Plaintiff does not present factual content to support that Defendant altered his compensation or terms and conditions of his employment. Generally, paid leave does not amount to an adverse employment action while unpaid leave, when meeting all other required elements, may amount to an adverse employment action. *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015). Because Plaintiff does not indicate if his leave was paid or unpaid, the Court lacks information from which to reasonably infer an adverse employment action.

Even assuming for argument that Plaintiff suffered an adverse employment action, he does not plausibly allege facts to support an inference of discrimination. An inference of discrimination may be pled "'in a number of ways,' including pointing to 'comparator evidence, evidence of similar discrimination against other employees, or direct evidence of discrimination from statements or actions by the plaintiff's supervisor's suggesting discriminatory animus.'" *Emerson v. Stern & Eisenberg, P.C.*, No. CV 21-3096, 2022 WL 10208548 at *4 (E.D. Pa. Oct. 17, 2022) (quoting *Golod v. Bank of Am. Corp.,* 403 F. App'x 699, 702 n.2 (3d Cir. 2010)).

Here, Plaintiff claims that Defendant placed him under a "cloud of suspicion" because he was a male. Am. Compl. ¶ 30. Plaintiff presents no further evidence to suggest discrimination other than his membership in a protected class. Even at this early stage, more is required from Plaintiff

than contending he is male and alleging something unfavorable happened to him. His broad, conclusory claim is bereft of sufficient factual support and does not rise to the level of creating an inference of discrimination that Plaintiff suffered an adverse employment action because of his gender. As such, the one time-compliant allegation is also dismissed.[1]

## V.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 9) is **GRANTED**. An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] Although the Title VII claim for the second incident was the only remaining allegation that was not time-barred, the other accusations similarly fail to establish an inference of discrimination and would be dismissed even if timely presented.